Thank you. May it please the court, I'm here representing Theodore Harmon this morning who is a defendant in the court below. I have raised four issues in my brief and I'd just like to focus in on one of those this morning, leave the rest to the briefs that have been claim. And our argument is a sufficiency of the evidence claim but it's also a claim that kind of explores the outlying boundaries of the statute in this case and what conduct falls under this statute. Our submission is that if this court upholds this particular case under a sufficiency of the evidence claim, then it's going to expand the scope of 18 U.S.C. section 2422 and it's going to effectively write out a large section of what Congress required in the statute. Because Congress required, Congress gave four specific verbs that are kind of the guiding point of this statute and that is the persuasion, the inducement, the enticement and or the coercion of a child across the state lines to then commit a sex act which would be in violation of the law in that state. But didn't that argument would have more force if the whole issue of subterfuge on the part of law enforcement by having no minor or anything involved if that hadn't been already decided against the position? Because you have to weigh your argument against the fact that there is no minor involved in this case. That's correct, but there's still even though there's no and we do not contend that the fact that it was a fictitious minor that that's an issue because that's already been decided. We also are not contending today that because the discussions are with an adult that somehow you can't get a conviction under 2422. What we're arguing though is in this case there was nothing that this defendant did to persuade, entice, coerce or induce that would cause the the child fictitious or otherwise to cross state lines to enter into a sex act because the the both the adult and the child were not only already predisposed and willing to engage in the sex act with the defendant in this case but they in fact were the ones that actually started the process and sought out the defendant and offered the defendant when he wasn't even looking for this type of. But even if okay even if you if you posit the situation as you have just done. Beyond the initial contact didn't the defendant's actions over the course of these interchanges provide or attempt to provide incentive, enhancement, inducement to actually culminate this act. I mean the the defendant engaged in activities where he basically had to present himself to encourage or foster or ensure that this thing ultimately happened. That comes within these verbs that that Congress talks about doesn't it and if not why not? Okay and I am going to say no and and the reason why not is that the you need to look at what what he would what the statute is trying to accomplish. So the defendant in this case is trying to and will you know the four verbs get this child to cross state lines and or use use a means that cross state lines to get them to commit the sex act. At no time despite any of the conversation that occurred at no time was this going to be in jeopardy for the defendant for the for the for the father or for the child in this case. At no point did the father or child say no we're not interested or no you have to you have to give us something. As a matter of fact if you take a look at the at the record it's page ID number 692 and this is the undercover agent this Spadaforas or Spadafora however you pronounce it this is his testimony and in in that testimony at 692 he says that the defendant never offered anything of value for this to occur and he also said that. What if he said I'll give you candy? Well if it was I will give you candy so that you'll do this. The person has expressed willingness to do it and there's but but the person to seal the deal says yeah and I'll give you candy. Hypothetically. Yeah sure sure and in that I don't think in that hypothetical. I'll give you perfume or something. Yeah I don't think that you. You don't think that's enticing? I don't I don't think that's enticing. So enticing is but that's you know with respect. Well if. From the ordinary I don't have my dictionary in front of me but you can entice somebody who has a a a predilection to do what you're enticing him to do. Can you. See why not. The issue is can you entice somebody to do something that they're already going to do anyway. In other words if if let's say let's say. You can't entice somebody who's going to do it? Absolutely not. So like this morning let's. That's a strange meaning of enticing. Well let's say this morning I'm going I'm getting up and I'm and and I'm going to come to court here to argue this case. I call you up and I say I'll pay you fifty dollars if you get here on time and you say okay. But that's. That's an enticing. But that's different that's getting here on time. If you call me up and say I'll offer you fifty dollars to show up Kevin when I'm already going to show up anyway. That's not enticing. I think most people would say that was enticing. It can't be enticing because it's something that that they're going to do anyway. Enticement. And I actually I actually use I actually provided you with a with a dictionary definition of enticement in my brief. But it but it is you know the connotation is that you are bend all of these verbs involve a somewhat bending of the will. Something that somebody may or may not do even if they're predisposed to it. They might do they might not do but you either persuade them you induce them you entice them or you coerce them to do what they might not do. Let me ask you ask you this and you say that the father-daughter were predisposed. This is hypothetical. Yes. And you know the defendant sent photos of himself and he was very concerned about whether the daughter found the photos or whatever appealing. Isn't there a possibility that it that under a hypothetical there could have been an ugly hideous photograph sent which would have perhaps deterred the father. The person was trying to make certain that an environment was created that encouraged these people to sort of follow through. And if that's the case doesn't that fit within these words? Now and I do agree with you that there that the actions of the defendant in this case he wasn't act obviously wasn't actively doing things to discourage this at all. And there's obviously he wanted he wanted the person to come up to the state of Ohio and he wanted to engage in these acts. Okay there's no question about that but the statute doesn't get to desire to commit a state offense. The statute doesn't get to willingness to commit a state offense. It required Congress was really specific in this in this matter because they could have in fact they could have put in different verbiage which would get us to this conduct in this case. Is it enticement if the person if we know after the fact that the person would have done it anyway but the person who's the defendant is trying to make sure that something happens that he's not sure that it'll happen. Is that within the meaning of enticement? So in this case the the you think the the daughter says I want to I want to mow the lawn and to make sure that she mows the lawn you say I'll let you go to the prom if you mow the lawn. Is that is that that's not enticing her to mow the lawn? You would say no because she probably but the parent didn't know and parent wanted to make sure she mowed the lawn so the parent said I'll let you go. Sure absolutely. That's enticement right? Well I'm not gonna I'm not gonna go that that's enticement. But I say that's enticement you lose? I think I think it's going to be a really question for me if you say that that's enticement. Because he says you know let me know let me know if she likes did she see my pic? Is she okay with me? And that's like I want to make sure she comes right? Sure well it's it's no it's more than it's actually beyond that because and that and this is where I take issue with some of the things that the my colleague says are enticement in this case because they are the whole issue keep in mind is that trying to get this person to go to the state of Ohio so that the so that the sex act can be committed. A lot of the things that they're talking about are what are we going to do when we get there? That's that's what the discussion is about it's not about if it's not about I really want you to come it's when we get here here's what we're going to do. It's it's sort of similar to but it's the different the way I look at it is if I have like out-of-town visitors come in and I know they're coming on Thursday and I say to them hey when you get here we're going to go to Kings Island and we're going to go see a Reds game and we're going to go here that doesn't that doesn't say oh now now we're going to come to Cincinnati they're already coming to Cincinnati we're just planning on what we're going to do once we get there and that's that's what's occurring in those conversations with the with the two adults in this case and again what has to happen here there's another little section here which is that Mr. Herman's actions have to be an attempt to induce or entice the minor so he has to say something to the adult dad to get it conveyed to the minor so the minor will then assent to the conduct and and there's there's a very big disconnect there because again father's the one that offered this out father says it's already going to happen. His language is addressed to her through him. It is addressed to her through him but it's not in the context of getting her to do anything matter of fact the the father. If she doesn't like him she might not. The father provides a laundry list of of acts that she's already going to do and keep in mind. I'm just talking about this one sentence let me know if she likes did she see my pics is she okay with me isn't that did you get my pic did you get my nude pic sure those now you could say those are just giving her information about what she's already completely decided to do but couldn't a jury interpret that to mean he's trying to encourage her not the father well to encourage her to come to this if if we tell her I'm safe and I'm clean but if we get to that point I don't know what conducts not going to fall within that for those four things what might not fall within it I would say I mean we don't have to get there would be she's on her way and he says well I'll be there and we'll you know but but not saying things or maybe leave it to the jury you know is this you could instruct the jury if all he's doing is accepting her advances and not trying to get not not getting her to do something that he thinks she might not be able to do then that's not enticement let the jury find out but I don't my time is up but let me respond to that about the jury you know I do raise an argument that the jury instruction was faulty as well because of the way that it it told them about about enticement and inducing in coercion where it just says hey if you have communication with it with a father adult it's good enough so we could get into that but your time is up thank you your honor may please the court my name is Michael Freeman I represent the appellee in this matter which is the United States in regarding the sufficiency of the evidence claim what the appellant wants to believe is that these people were predisposed to engage in this type of conduct the type of information that was relayed from the undercover officer into the appellant in this matter was that in the appellant's brief he makes the example of a perfume walking down the street and someone gives a sample of perfume and he says even if you take it and enjoy it that's not enticement but the better example is you're walking down the street and someone says I have perfume to offer why should I give it to you than to anyone else or it'd be the same as saying I'm coming to Cincinnati as the example used by the appellant's counsel why should I stay with you even the fact that they're coming here doesn't mean that there's still enticement to say we'll go to the Reds game we'll go to Skyline or whatever that may be which will be different than if I stay elsewhere so of these four verbs that counsel use is it do you say that the conduct was enticement or does it does it amount to one of the other verbs and you know if so why I think that the type of conduct engaged kind of it does go to enticement and it also goes into persuading that person into engaging that conduct and I think which is particularly enlightening in regards to whether there's actual enticement in this case is when the undercover cop is speaking to the appellant and says it's it's I believe it's it's quote it's cool if you're not coming I may take Brooke who's the minor in this case to Cleveland his response to that was can I talk to her and in that phone conversation he actually talks to what who he believes to be the minor in that case and asked her what do you want to do when I get there Brooke clearly setting the stage of an opportunity for him to back out in in the appellant then said I'll take the active step in order to entice and induce them I'll talk to her and ask her what she wants to do and therefore she will be able to be persuaded to come and actually engage in these sexual conducts due to the fact that I'm only going to do what she wants to do and also in it was alluded to by Judge Donald in regarding to the nude photograph that he sent it was clear from that nude photograph it wasn't just a nude photograph sent from the appellant to the undercover officer he he consistently and persistently asked about whether that nude photograph actually reached the minor he mentioned it in page id 638 639 648 650 over several different days clearly intending that that nude photograph was not just to entice the adult to engage in that conduct but to entice the minor which is at the very crux of 24 22 b then in addition to that there are all those statements that were alleged that he's disease free that he's done before and things of all of that nature if you take kind of out of the criminal context those statements are clearly enticement type of statements if you have a car salesman for example who says I have a lot of experience selling cars all my all my customers love the cars that I sell to them I've never had any problems clearly those type of statements to a prospective customer are statements to entice that prospective customer to buy a vehicle well they're really no different even though they're in the criminal context the fact that he said I've done it before everything's gone smoothly no one's been put in jeopardy all of those were statements just like the car salesman to entice the father and and ultimately the minor to engage in that sexual activity then there's also the issue when alcohol comes up and the fact that he shows up actually with coarse light that obviously alcohol generally lets people nerve settle down and can overbear their will is what the appellant said and he specifically asked to the undercover officer is she allowed to drink and the undercover officer said yes and that's when they had the discussion about coarse light which is excuse me that's evidence that he will entice her or that is enticing it is enticing in the question of she doesn't even know about it well he's saying that I will bring the type of alcohol that that you and your minor that excuse me he says I'll bring that out he does say he says the undercover he asked the undercover officer do you want me to bring it on page 661 and he says in the undercover says yes I do and then he shows up at that motel with an 18 pack of forest light which is exhibit I thought you were I guess you could say the question does she want it is in effect getting the father to encourage her to commit this but I thought the inference you were drawing instead was the fact that he had it was enough for the jury to infer that he was going to he was going to use it to entice her or get her to engage in these acts my point was more things correct my point was more the former not the latter that former is a little strange though that he was making this statement to calm the nerves or to encourage entice to say whether it was alcohol or food or whatever thing that that person liked he was saying I will bring the specific thing that you like and your daughter likes to the motel when we meet but if you get what I'm saying I mean most of the colloquy with Mr. Shad it seemed like the strongest argument you have is that the father that the defendant is using the father to persuade the daughter to engage in these acts and and the way you've structured the alcohol thing to seems a little strange to say that definitely not using the father that's telling the father you're going to use it to persuade the daughter I guess it's also in a way to persuade the father to convince the minor to come I think that's the the key to it all the council didn't get a chance to talk about the jury instruction but if that jury instruction is correct and I believe that it is but this there is no question in the in the but in the record there is all kinds of inducement to the father the father is going to have to bring this girl he she's not going to travel there herself and all of the things telling him I'm clean I'm not a freak you can participate also if you want to the the inducement to the father to induce the child if the secondhand inducement is all that the statute requires then this is this record's open and shut we don't even need to talk about things like the beer and the car and those kinds of things well that is correct that the the crux of it is whether even statements made to a parent or guardian if it were if it was the intent of the appellant for that to be relayed to the minor then that is sufficient to sustain a conviction under 18 U.S.C. 2422 and therefore the fact that most of the statements enticement to the father but it was clear from his enticements to the father would not be enough would they so if you if we knew what all the facts were and all he did was say bring your daughter tell her you know just tell her to get in the car and bring her and then he gave all these reasons to the to the father as to why the father should do that you know I'll I'll endorse you for congress or whatever you know I'll do all these wonderful things for you that wouldn't be enticement of her would it no it would not be it's got to be through him to her right correct and I think when we get there in this particular case is through the nude photograph the fact that he's actually directing his the photograph and his statements to the minor itself then in this case unlike other cases he actually had contact with the minor he actually had that phone call on the date that they were supposed to meet in regards to what she likes and then he also sent an email to an email address that he believed was actually the minor counsel I want to I want to ask you about one of the rule of evidence that Harmon's statements regarding prior sexual experience with minors was being admitted and that's the question and then I want to find out is the court required to to specifically identify the rule I mean if the judge gets it wrong um what what result the the initial sidebar when it was um objected to by defense counsel there was a statement by the district court judge that he was admitted in as a statement against interest which uh properly admitted by the appellant's brief uh was kind of convoluted but in addition at that same sidebar the trial ausa spoke to the judge and said judge this isn't a statement against interest this isn't 404b this is direct evidence of a violation of 18 usc 24 22 and the district court judge in that colloquy then kind of acquiesces or adopts that statement of the a us and says that's fine and then goes into a 403 analysis in terms of its prejudice yeah balancing and so he didn't he initially stated a actual rule and then he kind of acquiesced once it was corrected by the trial ausa as to why exactly it was being admitted and in regards to does there have to be a rule stated by the district court judge as part two of your question and the answer is no oftentimes there's objections and it's overruled and there's no actual basis stated so in this case not only there it wasn't necessary for him to state a rule and even if he was improper in that he was corrected by the trial ausa and then therefore acquiesced and properly admitted that evidence as direct evidence to prove a violation of 18 usc 24 22 thank you thank you your honor hmm let me start with the analogy or hypothetical that my colleague gave you with regards to the car dealer and these claims that well i've sold all these cars before and i've always been okay those would not be enticements if the car dealer was telling the buyers that after they already signed the paperwork and they were just getting ready to have their car cleaned up and take it off the lot and that's what the facts are in this case the deal had already been signed isn't any child likely to back out at some time or possible back out you're you're saying it's committed there's no way out of it there it's legally binding he could say you know this is a piece of trash here it's yours but that's but if if it was five minutes before he signed you'd have to say it was enticement if there was any evidence he says i'm gonna sign but this dealer says i've had people who said i'm gonna sign and then the two minutes before they back out it's it's it is a difference but that's not what was in this case but but taking your your hypothetical certainly a minor or an adult can always back out right and if and if there's any evidence something like this if there's any evidence of hesitation certainly that could that might factor into the case there was no evidence of any any hesitation on the part of the fictitious father or the fictitious minor in this case and and i just want to get the defendant's actions calculated to ensure that there was no hesitation or attempt to back out and isn't that persuasion inducement etc if if the if in in in any any situation obviously where where the everything's not completed uh people are going to talk to each other in a pleasant manner to make sure that the that the deal goes through i do agree with you in that case but does that constitute if that constitutes what congress was intending with regards to this statute then other than a case where the where the parties are mute the entire time until the act happens from the time it's offered and they say yes and then three days later it happens and they never have any discussion whatsoever any discussion is going to be considered this inducement enticement or persuasion in that anything but something that's belligerent directly to them but it could be the it could be when the car is going to be delivered and and where you buy your next car again why are the neighbors could have been all kinds of things well don't say it's a good thing you bought this car maybe they do say it's a good thing you bought this car but it seems like there's all other kinds of lots of kinds of things that a jury might say is no longer enticement absolutely i don't have any time left but if there are any other questions about this or any other issues no thank you thank you okay that's the last case to be argued the rest will be submitted